JUDGE HARDIN
delivered the opinion op the court:
This was a suit in equity by part of the heirs of Philip Wells, deceased, against the appellants and others, who were also heirs of said decedent, seeking a sale of three parcels of land which descended from said decedent, under article 1 of chapter 86 of the Revised Statutes, the petition alleging that one of the heirs was an infant, and others, who were made defendants; were married women and non-residents of the State, and that the share of each heir in the lands was not of greater value than one hundred dollars.
The appellants, Robert Gardner and wife, were made defendants to the action, and served with process, but did not answer the petition; and they now seek a reversal *371 of the judgment which subjected their interest in the land to sale.
Said article 1 of chapter 86 of the Revised Statutes provides, “that whensoever any land shall descend to two or more heirs, any one of whom is an infant, or of unsound mind, a married woman, or resides out of the State, and the share of each heir is not of greater value than one hundred dollars, the court of equity for the county in which the land, or the greater part thereof, lies, may, on the petition of one or more of the heirs, decree a sale of the same.”
The authority of the court to adjudge the sale of the female appellant’s share of the land, according to the above enactment, depended on the existence of the particular facts named in the statute, one of which being, that the share of each heir was not. of greater value than one hundred dollars; and these essential facts should not only have been alleged, but proved, to authorize the court in this proceeding to divest the parties of title who were either married women or infants. But although the facts are substantially alleged, they are not established by any competent evidence.
The judgment directing the sales is, therefore, reversed, and the cause remanded for further proceedings not inconsistent with this opinion.